UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WESLEY JAMES MEAD,

    Plaintiff,

v.                                         Case No:   6:14-cv-874-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Uncontested Petition for Award of Attorney Fees Under the Equal Access to Justice Act (Doc. 20).   Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d), Plaintiff requests an award of fees **in the amount of $7,032.22.**   The schedule of billable hours attached to the petition supports the claim (Id. at 5-6).   Plaintiff also seeks recovery of costs **in the amount of $400.00** for the filing fee, payable out of the judgment fund administered by the United States Department of Treasury (Id. at 4, ¶ 12).

Pursuant to M.D. Fla. R. 3.01(g), counsel for Plaintiff represents that the Commissioner has no objection to the petition for fees and costs.   (Id. at 2, ¶ 6).   Plaintiff asserts that he is the prevailing party in this litigation and that the Commissioner's position in the underlying action was not substantially justified.[1]   (Id. at 1-2, ¶¶ 3-4).

---

[1] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust.   28 U.S.C. § 2412(d).

On December 11, 2015, the Court entered an Order reversing and remanding this case back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) (Doc. 18). The Clerk entered Judgment on December 14, 2015 (Doc. 19). Plaintiff filed this application for attorney's fees on March 10, 2016 (Doc. 20).

Plaintiff has provided a copy of his fee agreement, which includes his assignment of EAJA fees to his counsel (Doc. 22-1).   In light of the assignment, Plaintiff requests (and Defendant agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt.   If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment and pay EAJA fees directly to Plaintiff's counsel.

Pursuant to the provisions of the EAJA, Plaintiff's petition for attorney's fees (Doc. 20) is **GRANTED**.   Plaintiff is awarded attorneys' fees in the amount of **$7,032.22** and costs in the amount of $400.00 for the filing fee, to be paid out of the judgment fund. Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the Government.

**DONE** and **ORDERED** in Orlando, Florida on March 23, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record